UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) No. 4:21-CV-00511-AGF ) |
| LANETTE M. MOSLEY, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant LaNette Mosley's letter dated September 20, 2021. (Doc. No. 29). Metropolitan Life Insurance Company initially filed this interpleader action on April 30, 2021 against Defendants LaNette M. Mosley, Nathaniel M. Mosley, Raquel P. Dukes, Orlandis C. Matthews, Tona A. Barber, Jarran C. Barber, and C&J Financial, LLC. (Doc. No. 1). The complaint explained XNathanial Mosley (the "Decedent") was a participant in the General Motors Life and Disability Program and was enrolled under the Plan for Basic Life Insurance and Optional Life Insurance Benefits for a total of $65,210 of benefits. In the years leading up to his death, the Decedent changed his beneficiary multiple times. Decedent passed on December 6, 2019. Plaintiff states it cannot determine the proper beneficiary of the Decedent's life insurance policies and requests this Court require the Defendants to litigate or settle and adjust between themselves their claims to the benefits.

Defendant LaNette Mosley was served on June 27, 2021, with an answer due on July 19, 2021.  (Doc. No. 20).  Defendants Nathaniel M. Mosley, Tonya A. Barber, and Jarran C. Barber filed timely answers to the complaint.  (Doc. Nos 11, 12 & 27).  The Court noted Defendants LaNette M. Mosley, Raquel P. Dukes, and C&J Financial, LLC had not filed an answer and ordered Plaintiff to move for default by September 22, 2021 against those defendants.[1]  (Doc. No. 28).  On September 20, 2021, Defendant LaNette Mosley filed a letter with the Court addressed "To Whom It May Concern."  (Doc. No. 29).  The letter states, in relevant part, "I, LaNette Mosley would like to make a claim to the life insurance benefits that Metlife deposited with the courts after the death of my father XNathanial Mosley. Case # 4:21-cv-00511-agf."  *Id*.  The Court will construe this letter as Defendant LaNette Mosley's answer to the complaint.[2]

Defendant LaNette Mosley is advised that her self-represented status does not excuse her from her obligations to comply with Court orders, the Court's Local Rules, and the Federal Rules of Civil Procedure.  *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is

---

[1]   The Court did not order Plaintiff to move for default against Orlandis Matthews at that time.  However, he was served on May 3, 2021 with an answer due July 2, 2021.  (Doc. No. 6).  The Court will separately order Plaintiff to move for default against Defendant Orlandis Matthews.

[2]   Defendant LaNette Mosley has not provided the Court with an address.  Defendant was served at 9306 Larmie Dr., St. Louis, Missouri, 63137.  The Court will construe this as her address.  Defendant should note that pursuant to the Court's Local Rules for self-represented litigants, "[e]very self-represented party shall promptly notify the Clerk and all other parties to the proceeding of any change in his or her address and telephone number."  Local Rule 2.06(B).

bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."); *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) (party's "status as a pro se litigant [does] not excuse [her] from following the local rules"). The Court's Local Rules and other resources for self-represented litigants, including a link to the Federal Rules of Civil Procedure, are available on the Eastern District of Missouri's website, www.moed.uscourts.gov.

In accordance with the Federal Rules of Civil Procedure and the Court's Local Rules, all future filings by Defendant LaNette Mosley must include a case caption in the form shown above on this Order that includes the name of the Court, the parties' names, the case number, and the title of the document. *See* Rule 10(a), Fed. R. Civ. P. All filings must be double-spaced, legibly written or typed in at least 12-point font on 8½ × 11-inch pages, and must contain her signature, with her name printed or typed below the signature, and her address, telephone number, and email address. *See* Local Rule 2.01 (A)(1).

In the future, Defendant LaNette Mosley must communicate with the Court only by motion or memorandum, not by letter.[3] Defendant LaNette Mosley should file a document in the form described in the preceding paragraph and titled "Motion" only if she is requesting the Court to issue an order, *see* Rule 7(b)(1)(A)-(C); the document

---

[3] *See* Local Rule 4.04(A) ("Attorneys and self-represented litigants shall not communicate in writing with the Court concerning any pending matter except by motion or memorandum, unless otherwise directed by the Court. Attorneys and self-represented litigants shall not furnish the Court copies of correspondence among themselves except as exhibits to a motion or memorandum.").

should be titled "Memorandum" or "Response," as appropriate, if it is filed for any other reason.

Accordingly,

**IT IS HEREBY ORDERED** that for all future filings, Defendant LaNette Mosley shall (1) comply with the form of pleading requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court as set forth in this Order, and (2) communicate with the Court only by motion or memorandum.  Failure to comply with this Order may result in Defendant's future filings being returned to her.

**IT IS FURTHER ORDERED** that the Clerk's office shall docket Doc. No. 29 as Defendant LaNette Mosley's Answer.  The Clerk of Court is directed to serve Defendant LaNette Mosley at 9306 Larmie Dr., St. Louis, Missouri, 63137.

**IT IS FURTHER ORDERED** that Defendant Lanette Mosley shall have until October 15, 2021 to advise the Court by memorandum if she should be served at an address different than the address reflected in this Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2022.