UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) ) | |
| vs. ) ) | No. 4:21-CV-00511-AGF |
| LANETTE M. MOSLEY, et al., ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its review of the record. Metropolitan Life Insurance Company initially filed this interpleader action, stating it cannot determine the proper beneficiary of the Decedent XNathaniel Mosley's life insurance policies and requests this Court require the Defendants to litigate or settle and adjust between themselves their claims to the benefits.

Defendant Orlandis C. Matthews was served on May 3, 2021, with his answer due on July 2, 2021. (Doc. No. 7). Defendant Matthews did not file an answer. As such, the Court ordered Plaintiff Metropolitan Life Insurance Company to file a motion for entry of default against Defendant Matthews. Plaintiff filed the motion for entry of default on October 21, 2021. The next day, the Court was forwarded a letter sent by Matthews to Plaintiff and Plaintiff's response. (Doc. No. 39). In the letter, Matthews informed Plaintiff that he "makes his claim to the insurance benefits that was left by his father." *Id*. Plaintiff responded that if Defendant Matthews wants to make a claim to the

proceedings, he must file an answer with the Court.  Defendant Matthews has not filed an answer.

The Court will allow Defendant Matthews ten days to file an answer.[1]  Failure to file an answer within ten days will result in the Court granting Plaintiff's motion for entry of default against Defendant Matthews.  Defendant Matthews is advised that his self-represented status does not excuse him from his obligations to comply with Court orders, the Court's Local Rules, and the Federal Rules of Civil Procedure.  *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."); *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) (party's "status as a pro se litigant [does] not excuse [him] from following the local rules").  The Court's Local Rules and other resources for self-represented litigants, including a link to the Federal Rules of Civil Procedure, are available on the Eastern District of Missouri's website, www.moed.uscourts.gov.

In accordance with the Federal Rules of Civil Procedure and the Court's Local Rules, all future filings by Defendant Matthews must include a case caption in the form

---

[1] Defendant Matthews has not provided the Court with an address.  Defendant was served at 4001 McDonald, St. Louis, Missouri, 63116.  The Court will construe this as his address.  Defendant should note that pursuant to the Court's Local Rules for self-represented litigants, "[e]very self-represented party shall promptly notify the Clerk and all other parties to the proceeding of any change in his or her address and telephone number."  Local Rule 2.06(B).

shown above on this Order that includes the name of the Court, the parties' names, the case number, and the title of the document.  *See* Rule 10(a), Fed. R. Civ. P.  All filings must be double-spaced, legibly written or typed in at least 12-point font on 8½ × 11-inch pages, and must contain his signature, with his name printed or typed below the signature, and his address, telephone number, and email address.  *See* Local Rule 2.01 (A)(1).  In drafting his answer, Defendant Matthews should comply with Federal Rule of Civil Procedure 8(b), which states:

> In responding to a pleading, a party must:
> (A) state in short and plain terms its defenses to each claim against it; and
> (B) admit or deny the allegations asserted against it by an opposing party.

In the future, Defendant Matthews must communicate with the Court only by motion or memorandum, not by letter.[2]  Defendant Matthews should file a document in the form described in the preceding paragraph and titled "Motion" only if he is requesting the Court to issue an order, *see* Rule 7(b)(1)(A)-(C); the document should be titled "Memorandum" or "Response," as appropriate, if it is filed for any other reason.

Accordingly,

**IT IS HEREBY ORDERED** Defendant Orlandis Matthews shall have until **November 8, 2021** to file an answer to the complaint. Defendant shall also advise the

---

[2]     *See* Local Rule 4.04(A) ("Attorneys and self-represented litigants shall not communicate in writing with the Court concerning any pending matter except by motion or memorandum, unless otherwise directed by the Court.  Attorneys and self-represented litigants shall not furnish the Court copies of correspondence among themselves except as exhibits to a motion or memorandum.").

3

Court by memorandum if he should be served at an address other than 4001 McDonald, St. Louis, Missouri, 63116.

**IT IS FURTHER ORDERED** that for all future filings, Defendant Orlandis Matthews (1) comply with the form of pleading requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court as set forth in this Order, and (2) communicate with the Court only by motion or memorandum. Failure to comply with this Order may result in Defendant's future filings being returned to him.

*[signature: Audrey G. Fleissig]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2021.